## 59643. MURPHY v. THE STATE.

SOGNIER, Judge.

Murphy was convicted of possession of marijuana in violation of the Georgia Controlled Substances Act (Code Ann. § 79A-801 et seq.). On appeal he contends the trial court erred in denying his motion for a new trial based on the general grounds, and by overruling his motion to suppress any evidence or testimony obtained, or resulting from, his illegal arrest.

1. In regard to Murphy's enumeration of error on the general grounds, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979). Although appellant contends he was in need of an attorney and did not have one, the record discloses that the court determined appellant was not indigent and allowed him two weeks to retain an attorney. He did not do so, but the court requested an attorney who was present to sit with appellant and advise him of his procedural rights. The attorney did so, and in fact, participated in the trial by making motions and questioning appellant when he testified. Additionally, appellant stated he was ready to go to trial. Under these circumstances we find no error.

2. In regard to the motions to suppress, Murphy contends there was no reasonable or probable cause to stop and search him; therefore, any evidence or testimony stemming from the search was not admissible. We do not agree.

Sergeant Joe Smith of the Moultrie Police Department was on patrol when he saw Murphy and another man in front of a cafe; Murphy appeared to be, or was, hiding something. Smith stopped and got out of his car. As he did so, appellant bent down, picked up a bag and went behind the cafe. Smith followed and stopped appellant; he also told Murphy that he (Smith) had information appellant was selling marijuana and asked what he was hiding, and if he had anything on him. Murphy responded to both questions in the negative so Smith frisked him; Smith found 14 brown envelopes and a plastic bag in appellant's pockets, all containing marijuana. He then placed Murphy under arrest. Later the same day Smith obtained a search warrant and searched appellant's house. A brown paper bag containing 35 brown bags of marijuana was found in a closet underneath some clothes. Based on these facts, appellant contends there were no reasonable grounds to conduct the search of his person. We need not reach that question, however, as appellant gave sworn testimony that Smith approached appellant behind the cafe and said "[L]et me search you," to which appellant responded "all right." In view of this evidence of voluntary consent to search, neither probable cause nor a warrant are required for the search and seizure. *McKendree v. State,* 133 Ga. App. 295, 296 (211 SE2d 154) (1974), citing Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854). Hence, there was no error in denying appellant's motions to suppress the testimony of Smith and the evidence seized in this case.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED APRIL 7, 1980 — DECIDED JULY 1, 1980.

*Thomas L. Kirbo, III,* for appellant.
*H. Lamar Cole, District Attorney, Dwight H. May, Assistant District Attorney,* for appellee.